UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY E.,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 2:26-cv-01038-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 5. This matter has been fully briefed. *See* Dkts. 10, 13, 14.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Administrative Law Judge (ALJ) erred in failing to assess good cause and finding Plaintiff had constructively waived her right to appear at a hearing. Accordingly, this matter is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

## I. PROCEDURAL HISTORY

On September 17, 2018, Plaintiff filed applications for Title II Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423(a), and Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1381(a). AR 205–17. Her claim was denied initially on January 23, 2019, and upon reconsideration on April 8, 2019. AR 86, 97–98, 111, 122. On June 21, 2021, Administrative Law Judge Robert Freedman issued a decision concluding that Plaintiff was not disabled. AR 20–39. The Appeals Council denied Plaintiff's request for review on May 12, 2022, making the decision final and subject to judicial review. AR 5–7.

On September 21, 2022, Plaintiff filed a Complaint in this District seeking judicial review of Judge Freedman's decision. AR 2518–20. On June 16, 2023, the District Court reversed and remanded the case and directed the Commissioner of Social Security to "conduct a de novo hearing, allow plaintiff to present additional evidence, reevaluate plaintiff's testimony and the medical opinion evidence, and conduct the five-step review." AR 2532. On August 11, 2023, the Appeals Council remanded the case to a new administrative law judge, stating "the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." AR 2536.

Pursuant to the District Court's remand and the Appeals Council's directive, Administrative Law Judge Cecilia LaCara (the ALJ), held an online video hearing on December 10, 2024, featuring testimony from medical expert Dr. Subramaniam Krishnamurthi. AR 2444. Plaintiff was present but did not testify. *Id.*; AR 2463–68. Due to time constraints, the ALJ set a "continuation of the [December 10, 2024,] hearing" for September 25, 2025, to obtain testimony from vocational expert Patricia Ayerza and Plaintiff. *Id.*; AR 2471, 2473. Plaintiff did not appear at the subsequent hearing because she was hospitalized. *Id.*

On September 24, 2025, the day before the hearing, Plaintiff's attorney notified the ALJ that Plaintiff had been hospitalized on September 23, 2025, with no known discharge date. AR 2825. On September 25, 2025, at the hearing, Plaintiff's attorney reiterated that Plaintiff was still in the hospital, recounted the nature of her symptoms, and orally requested that Plaintiff "be afforded the opportunity for a supplemental hearing." AR 2483–84. In response, the ALJ stated, "[W]e just can't keep…having this on my docket…I have to make a decision." *Id.* Instead of permitting a supplemental hearing, the ALJ informed Plaintiff's attorney she was "leaving the record open for [Plaintiff] to make a written statement" and provided Plaintiff two weeks to complete and submit the statement. AR 2484–85.

On October 16, 2025, Plaintiff's attorney submitted a 2-page memorandum with the subject "[m]emorandum in support of claim for disability[.]" AR 2841–42. Although the memorandum provided a blank line for Plaintiff's signature following the statement, "I READ THIS LETTER AND AGREE WITH ITS CONTENTS[,]" Plaintiff's signature is absent from the memorandum. *Id.* Plaintiff did not submit a written statement on her own behalf.

In turn, on November 21, 2025, the ALJ issued a decision concluding that Plaintiff was not disabled. AR 2400–2422. The ALJ found the plaintiff had constructively waived her right to appear at the hearing, reasoning:

> [Plaintiff] did not appear at her September 2025 hearing, and her representative notified me that she had been hospitalized September 23, 2025 with an unknown discharge date (30E). [Plaintiff] is represented by Lisa Marie Saar, an attorney (12B). Ms. Saar appeared at hearing on behalf of the claimant. I provided [Plaintiff] the opportunity to submit a written statement in lieu of testimony, which was received on October 27, 2025 with no request for an additional supplemental hearing (31E). I, therefore, find [Plaintiff] constructively waived her right to appear at hearing [sic] and issue this decision based on the evidence in the record.

AR 2403.

//

Plaintiff did not file written exceptions to the ALJ's decision, and the Appeals Council did not review the ALJ's decision *sua sponte*, making the ALJ's decision subject to judicial review. AR 2401. On March 26, 2026, Plaintiff filed a Complaint with this Court seeking judicial review of the ALJ's decision. Dkt. 1. Defendant filed the sealed Administrative Record in this matter on May 22, 2026. Dkt. 7.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). If the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

Plaintiff argues that the ALJ erred in: (1) finding constructive waiver of her right to appear despite actual knowledge that she was hospitalized; (2) evaluating the medical opinion evidence of Dr. Struck and PA-C Rowan; (3) evaluating her subjective symptom testimony; and (4) determining her Residual Functional Capacity ("RFC"). Dkt. 10 at 1–2.

### A. The ALJ's Finding of Constructive Waiver

"The Supreme Court has held that applicants for social security disability benefits are entitled to due process in the determination of their claims." *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001). "It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before [her] claim for disability benefits may be denied." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001).

Consistent with these principles, the Social Security Administration's ("SSA") regulations provide that a claimant has a right to appear at a hearing before an ALJ (either in person or by video teleconference or telephone), present evidence, and state her position. 20 C.F.R. §§ 404.950(a), 416.1450(a). This right may be waived in writing. 20 C.F.R. §§ 404.950(b), 416.1450(b). However, a waiver must be made knowingly and voluntarily. *See* Hearings, Appeals and Litigation Law Manual (HALLEX) HA 01210.082, available at https://www.ssa.gov/OP_Home/hallex/hallex.html (last visited November 1, 2026);[1] *see e.g., J.M. v. Bisignano*, No. 25-CV-00600-SVK, 2026 WL 1603793, at *3 (N.D. Cal. June 4, 2026) ("A claimant's waiver of his right to appear should be made entirely voluntarily and [be] based on a full understanding of the results of such a decision."). Even if the right to appear is waived, the claimant must be afforded the opportunity to submit written comments. *Id.*; *see generally* 20 C.F.R. §§ 404.929, 404.935, 416.1429, 416.1435; HALLEX HA 01250.029.

HALLEX instructs the ALJ on how to proceed when a claimant fails to appear. *See* HALLEX HA 01240.025. While HALLEX is an internal Agency manual, with no binding legal effect, this Court finds it persuasive under these circumstances. *See Annalisa R. v. Saul*, No. 19-CV-1363-MAT, 2020 WL 1890612, at *2 (W.D. Wash. Apr. 16, 2020); *N.Z. v. Kijakazi*, No. 21-CV-01106-VKD, 2023 WL 2717257, at *2–4 (N.D. Cal. Mar. 29, 2023) (considering HALLEX on the issue of whether a claimant constructively waived her right to appear).

HALLEX provides that when a claimant's representative appears without the claimant, dismissal of the claimant's request for a hearing is "never appropriate," but the ALJ "may

---

[1] HALLEX "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court." *Clark v. Astrue*¸ 529 F.3d 1211, 1216 (9th Cir. 2008) (citing *Moore v. Apfel,* 216 F.3d 864, 868–69 (9th Cir. 2000)). "Nevertheless, as an Agency manual, HALLEX is 'entitled to respect' under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the extent that it has the 'power to persuade.'" *Id.* (citing *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)).

determine that the claimant has constructively waived the right to appear at the hearing if: (1) the attorney is unable to locate the claimant; (2) the Notice of Hearing was mailed to claimant's last known address; and (3) the contact procedures required by the regulations were followed." *Saul*, 2020 WL 1890612, at *2 (citing HALLEX HA 01240.025(D)(2)). "If the ALJ finds constructive waiver, the ALJ may proceed with the hearing, but must send the claimant a Request to Show Cause for Failure to Appear in order to determine the reason for the failure to appear." *Id.* "If good cause is shown, the ALJ must offer the claimant a supplemental hearing to provide testimony." *Id*. "If claimant fails to respond, or fails to establish good cause, the ALJ may issue a decision based on the evidence of record." *Id.* There is "no set criteria for determining what constitutes good cause for failure to appear at the time and place of a scheduled hearing." HALLEX HA 01240.025(C)(1).

As several courts have identified, "a claimant's failure to appear at a hearing, even when counsel appears on his or her behalf, does not *alone* act as a waiver of a claimant's right to appear." *Bisignano*, 2026 WL 1603793, at *3 (N.D. Cal. June 4, 2026) (quoting *Kijakazi*, 2023 WL 2717257, at *3) (emphasis added). The *Bisignano* Court further observed, "HALLEX thus contemplates two options when a claimant's representative appears at a scheduled hearing without the claimant: (1) the ALJ enters a finding on the record at the hearing or in writing after the hearing, under [HA 01240.025](D)(2)(a); or (2) the ALJ sends a request to show cause for failure to appear to the claimant, under [HA 01240.025](D)(2)(b)." *Id.*

In this case, Plaintiff's counsel appeared at both hearings and informed the ALJ that Plaintiff was absent from the September 25, 2025, hearing because she had been hospitalized. AR 2444, 2471, 2473, 2483–84, 2825. Not only did Plaintiff's counsel inform the ALJ of Plaintiff's hospitalization during the hearing, but also the day prior to the hearing. AR 2825,

2483–84. Nevertheless, the ALJ proceeded with the testimony of the vocational expert but did not send Plaintiff the requisite Request to Show Cause for Failure to Appear. AR 2471–86. In her decision that she issued just five weeks later, the ALJ did not address or evaluate good cause for Plaintiff's failure to appear and instead found Plaintiff had "constructively waived her right to appear at hearing [sic]." AR 2403.

The record reveals the ALJ failed to: (1) consider *any* of the three factors that determine whether Plaintiff had constructively waived her right to appear; (2) enter a finding on the record at the hearing or in writing after the hearing; (3) or issue a Request to Show Cause for Failure to Appear. Accordingly, the Court is unable to review whether the ALJ properly considered whether the Plaintiff constructively waived her right to appear.

The Court finds that substantial evidence does not support the ALJ's finding of waiver. The evidence does not support the required showing that Plaintiff's attorney was unable to locate Plaintiff. *See, e.g.*, *Saul*, 2020 WL 1890612, at *3 (citing HA 01240.025(D)(2)). To the contrary, Plaintiff's attorney knew her location—at the hospital. AR 2825, 2483–84. "The hearing should have been continued to a later date or, at a minimum, a supplemental hearing should have been held to allow [P]laintiff to testify." *Saul*, 2020 WL 1890612, at *3.

Defendant argues that Plaintiff was provided a meaningful opportunity to be heard by means of her designated representative, "who presented Plaintiff's theory of the evidence and stated her position to the ALJ in writing, with no request for an additional supplemental hearing." *Id.* However, the record demonstrates that the ALJ had an obligation to provide *Plaintiff herself*—not Plaintiff's counsel—an opportunity to testify, and the record does not demonstrate that Plaintiff constructively waived her right to do so. AR 2442; *see, e.g.*, *Mikalyn E. v. Comm'r of Soc. Sec.*, No. 19-CV-5003 BAT, 2019 WL 2912578, at *1 (W.D. Wash. July 8,

2019) ("[E]ven if plaintiff verbally indicated a desire not to appear at a hearing, the record does not show plaintiff signed and submitted a written waiver of hearing as required by SSR 79-9. The ALJ accordingly erred in failing to conduct a hearing.").

For these reasons, the Court concludes that the ALJ erred in finding Plaintiff constructively waived her right to a hearing. [2]

Had the ALJ properly considered the factors to find constructive waiver, evaluated Plaintiff's good cause for failure to appear, or permitted Plaintiff's testimony, the ALJ could have inquired about any inconsistencies she identified in the record, Plaintiff's RFC may have included additional limitations, and the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand the matter to the Administration for further proceedings. *See, e.g.*, *Golden v. Colvin*, No. 16-CV-05362-MEJ, 2017 WL 4642008, at *11 (N.D. Cal. Oct. 17, 2017) (finding ALJ's failure to evaluate whether the circumstances for Plaintiff's absence constituted good cause was not harmless).

**B. Remaining Issues**

In light of this disposition, the Court need not address Plaintiff's remaining arguments regarding her subjective symptom testimony, medical opinion evidence, or her RFC because the ALJ must re-evaluate the entire sequential evaluation process on remand, including all of the medical opinion evidence, Plaintiff's subjective symptom testimony, and the RFC. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective.").

---

[2] Because the Court reverses on regulatory grounds, Plaintiff's constitutional arguments are not addressed.

## III. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** AND **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 3rd day of November, 2026.

Grady J. Leupold
United States Magistrate Judge